# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2982 | **DATE** | 8/27/2002 |
| **CASE TITLE** | FOUFAS et al vs. DRU | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant's motion to dismiss and defendant's motion to transfer are denied. Defendant is given to September 9, 2002 to file his answer to the complaint. The parties are to conduct an FRCP 26(f) conference and file a form 35 by September 20, 2002. Status hearing to set a discovery and trial schedule is set for September 24, 2002 at 9:00 am. Lead counsel are directed to appear on September 24, 2002 at 9:00 am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 28 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/27/2002 | |
| | | | date mailed notice | |
| JS | courtroom deputy's initials | | JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PLATO FOUFAS and
PLATO FOUFAS & CO.,

    Plaintiffs,

v.

STANLEY J. DRU,

    Defendant.

No. 02 C 2982

DOCKETED
AUG 2 8 2002

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiffs Plato Foufas ("Foufas") and Plato Foufas & Co. ("PF") filed a single-count complaint against defendant Stanley Dru ("Dru"). Dru filed a motion to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and improper venue pursuant to 28 U.S.C. § 1391(a). In the alternative, Dru filed a motion to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1404(a). For all the reasons stated, the motion to dismiss is denied and the motion to transfer is denied.

## BACKGROUND

Foufas is a resident of the State of Florida. PF is an Illinois corporation with its principal place of business in Chicago, Illinois. Dru is a resident of the State of Arizona. Between 1989 and 1993, Foufas and Dru each owned a 50% interest in First Astri Corp. ("First Astri"), an Illinois

1



corporation. First Astri held two written management contracts with the Sycuan Band of Mission Indians. Under the Sycuan Management Contracts, First Astri managed the Sycuan Gaming Center in El Cajon, California and earned management fees from the Sycuan Tribe for such services. In December 1993, Foufas and Dru entered into a Redemption Agreement which called for, among other things, for First Astri to redeemed Foufas' stock in First Astri making Dru the sole owner. In consideration, Dru gave written assurances to Foufas that, among other things, he would cause PF to be paid a continuing share of all monies received from the Sycuan Tribe pursuant to the Sycuan Management Contracts.

In April 1998, Foufas, PF, and Dru entered into a Settlement Agreement resolving disputes arising under the Redemption Agreement. The settlement agreement was embodied into an Order Enforcing Settlement Agreement and Dismissing All Claims and entered in the case of Plato Foufas & Plato Foufas & Co. v. Dru, Case No. 95 CV 4995 (N.D. Ill. 1995). Pursuant to the settlement, on January 22, 1999, Foufas met with Dru in San Diego, California in order to receive monies due PF. The 1998 settlement agreement was not fulfilled during that meeting, instead Foufas agreed to additional demands of Dru creating a 1999 contract. Both the 1999 contract and the 1998 settlement provide the basis of this diversity action before this court.

## ANALYSIS

Curiously, Dru argues that this court lacks personal jurisdiction over him. Dru's argument is patently without merit. In diversity cases, a federal court has personal jurisdiction over the parties only if the state in which the federal court sits, in this case Illinois, would have such jurisdiction. Klump v. Duffus, 71 F.3d 1368, 1371 (7th Cir.1995). The Illinois long-arm statute provides that an Illinois court "may ... exercise jurisdiction on any ... basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Paragraph 2-209(c)

is coextensive with the due process requirements of the United States Constitution. Thus if the contacts between the defendant and Illinois are sufficient to satisfy the requirements of due process, then the requirements of both the Illinois long-arm statute and the United States Constitution have been met, and no other inquiry is necessary. Klump, 71 F.3d at 1371 (quotations omitted).

In order to establish general in personam jurisdiction and meet the requirements of due process, a defendant must have purposefully established minimum contacts with the forum. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The crucial inquiry being whether the defendant's conduct and connection with the forum are such that the defendant should reasonably anticipate being hailed into court. Burger King, 471 U.S. at 474, 105 S.Ct. 2174. In order to exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to defendant's minimum contacts that sufficiently comport with fairness and justice. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868.

In this case, this court finds that the state courts of Illinois would have general personal jurisdiction over Dru. In looking at the purposeful availment of Dru, this court finds that Dru should have reasonably anticipated being haled into court in Illinois where Dru has owned at least a 50% share of an Illinois corporation, First Astri. Furthermore, Dru should have reasonably anticipated being haled into court in Illinois to defend a case based upon a settlement agreement that settled a case where Dru had already appeared in Illinois to defend. In looking at Dru's minimum contacts, plaintiffs' suit is based on Foufas' rescission of the 1999 contract and enforcement of the 1998 settlement agreement. The 1998 settlement agreement, which was negotiated and consummated in Illinois and disposed of an Illinois lawsuit, the precursor to the 1999 contract, provides a necessary and sufficient minimum contact with Illinois to justify haling Dru to Illinois.

The general venue statute provides that a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought. 28 U.S.C. § 1391(a). Using this standard, venue may well exist in several different jurisdictions where a substantial part of the events giving rise to the claim took place. Accordingly, this court finds that venue is proper in both the Northern District of Illinois based on the 1998 settlement agreement and the Southern District of California based on the 1999 contract consummated in San Diego, California.

The federal change of venue statute, 28 U.S.C. Section 1404(a), states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Therefore, for transfer to be proper under Section 1404(a), Dru must establish: (1) that venue is proper in this court; (2) that the Southern District of California is one where the action might have been brought; and (3) that the transfer will serve the convenience of parties and witnesses and will promote the interest of justice. Having found venue to be proper in both this district and the Southern District of California, this court finds that a transfer in this case will not serve the convenience of parties and witnesses nor promote the interest of justice.

In this case, this court finds that this forum is no more a inconvenient forum for any party than Southern California. This court finds, however, that since this complaint centers on the 1998 settlement agreement which was formed in Illinois, the corporate records and files for PF and First

Astri are in Illinois, and Foufas spends 75% of any given month here in Illinois dealing with PF, the Northern District of Illinois seems to be the most convenient forum. Defendant has failed to carried his burden in establishing the convenience the Southern District of California and ultimately, this court finds that the relative ease and access to sources of proof and judicial economy weigh heavily in favor of keeping the case here in the Northern District of Illinois.

## CONCLUSION

For all the reasons stated, Dru's motion to dismiss is denied and Dru's motion to transfer is denied. Defendant's answer to the complaint is due on Monday, September 9, 2002. Counsel are to confer pursuant to Rule 26(f) and file a joint Form 35 report by Friday, September 20, 2002. Counsel are also urged to discuss a possible settlement to this case. Counsel are ordered to appear before this court for status on settlement and to set further dates on Tuesday, September 24, 2002 at 9:00 A.M.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: August 27, 2002